

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| JERI SHANE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:04CV570 (TH) |
| | § | JURY |
| CHEROKEE INSURANCE COMPANY and | § | |
| STATE FARM INSURANCE COMPANIES d/b/a | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

Before the Court are *Defendant, Cherokee Insurance Company's Brief on Choice of Law* [Clerk's Docket No. 18], *Defendant, Cherokee Insurance Company's Supplemental Brief on Choice of Law* [Clerk's Docket No. 20] and *Plaintiff, Jeri Shane's Response to Defendant, Cherokee Insurance Company's Brief on Choice of Law* [Clerk's Docket No. 22]. Because the Court is unable to reach a ruling based on the parties' submissions, it reserves its ruling until such time as the parties have sufficiently briefed the choice of law issue.

### Background

The parties appeared at the Court's management conference and announced that the case could not proceed until plaintiff submitted to an examination under oath and the Court made a decision as to which law governed the action. The Court acquiesced, deferring entry of a case specific scheduling order until both issues were resolved. Plaintiff's examination has occurred, State Farm has been dismissed and both plaintiff and the remaining defendant, Cherokee Insurance Company, have submitted their choice of law briefs. However, the Court finds the briefing to be woefully inadequate and an insufficient basis upon which to rule on this important issue.[1] Accordingly, the Court demands supplemental briefing on the issue.

---

[1]As an example, the parties have failed to identify that a conflict exists between the applicable law of Texas and Arkansas – the purportedly interested states. Ordinarily, such a showing is necessary before

## Choice of Law

Because this is a diversity case, the rules of the forum state determine which law applies. *Klaxon v. Sentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941). Texas has adopted the most significant relationship (MSR) test as set forth in the Restatement (Second) of Conflict of Law. *See generally Gutierrez v. Collins*, 583 S.W.2d 312 (Tex. 1979). Accordingly the Court offers, as guidance, the following framework within which the parties should analyze the choice of law issue and craft their arguments.

A proper choice of law analysis begins by identifying the claims at issue: for instance, are we faced with contract, property or tort claims? Depending upon the type of claims, the analysis will proceed to the relevant section(s) of the Restatement of Conflicts (in this case sections 145, 148, 188 and 193 *may* be applicable) to determine whether a conflict actually exists. RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 145, 148, 188 & 193 (1971). If, after considering the relevant factors, it appears that only one state has an interest in the outcome of the particular claim, the analysis is over. However, if more than one state appears to have such an interest, the inquiry continues to determine if conflicts exist between the laws of the interested states. Here again, the analysis is cut short if no conflict exists between the laws of the interested states – *i.e.* the laws are the same. However, if such a conflict should appear, each specific legal issue must be individually characterized for analysis. For instance, in a tort claim, does the conflict arise in the element duty, breach or causation; in a contract claim, is it offer, acceptance, breach, capacity, or performance? If more than one conflict exists, this is the point of the inquiry to which the parties will return to complete the analysis for *each* individually characterized legal issue.[2]

---

undertaking a choice of law analysis so that the Court can determine if a conflict exists at all. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984); *Hull & Co., Inc. v. Chandler*, 889 S.W.2d 513, 517 (Tex.App. Houston [14th Dist.] 1994, writ denied). In *Hull & Co.* the court, in determining whether the appellant had waived application of Florida law by failing to identify specific conflicts, decided that the issue was preserved because the appellee had admitted that the applicable substantive laws of Florida and Texas differed and that a choice of law analysis was necessary. *Id.* In essence, there was no dispute that a choice of law analysis was required. *See id.* No such admission has been made in this case and the parties should not interpret this discussion of *Hull & Co.* as an invitation to merely admit or stipulate that the applicable substantive laws of Texas and Arkansas (or any other interested state) somehow differ. Rather, the parties are directed to identify with specificity any conflict between the laws of those states that are determined to be interested in this litigation.

[2]In a contract claim, this is also the point at which to identify any choice of law provision that may exist in the document. If one does appear, the inquiry proceeds to section 187 of the Restatement. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971). If not, it continues as presented above.

The journey continues by asking: is there an applicable and constitutional statute of the forum state that resolves the choice of law issue?[3]  If yes, the trip is over.  If not, it's time to collect any applicable presumptive choices that appear in the Restatement and proceed to section 6 to determine the state with the most significant relationship to the particular substantive issue.  *See id* at § 6.  The MSR determination is ultimately reached by balancing or weighing the presumptive choices and section 6 factors with regard to each claim for which a conflict exists.

### Order

The Court reserves ruling at this time and the parties are **DIRECTED** to submit new briefs within ten days of entry of this order.[4]

**SO ORDERED**.

**SIGNED** this the **10** day of **May, 2005.**

_____
Thad Heartfield
United States District Judge

---

[3]Plaintiff argues that section 21.42 of the Texas Insurance Code resolves this issue.  TEX. INS. CODE § 21.42 (Vernon 2004).  Defendant's briefs do not address this statutory provision.  Without deciding the applicability of section 21.42, the Court suggests that some discussion – with citation to applicable authority – regarding the term "inhabitant" as it relates to plaintiff would go a long way towards deciding this issue.

[4]Because the parties have at least some notion as to the other's arguments on this issue, the Court will not allow any responsive briefing prior to entering its ruling.  However, if the parties should again fail to adequately address the issue, more briefing may be necessary.  The Court, in its discretion, may entertain oral argument upon the written request of either party.